**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:11-CR-77-2** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **HENRY THOMPSON,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 31st day of July, 2015, upon consideration of the motion (Doc. 399) to establish or modify "restitution" payments filed by *pro se* defendant Henry Thompson ("Thompson"), wherein Thompson avers that he is participating in the Inmate Financial Responsibility Program ("IFRP") managed by the Federal Bureau of Prisons ("BOP") and that the BOP has increased the amount that Thompson is required to pay under the IFRP or altered the schedule of such payments, and wherein Thompson requests that the court issue an order "for a payment amount that is affordable for [him] by taking into consideration his restrictive ability to generate resources sufficiently through institutional employment" and proposes quarterly payments of $25 during his period of incarceration (Doc. 399 at 1-2), and the court observing that in May 2013 Thompson pleaded guilty to two counts of interstate travel in aid of racketeering in connection with the unlawful distribution and possession with intent to distribute cocaine hydrochloride and cocaine base, in violation of 18 U.S.C. § 1952(a)(3) (Docs. 309, 316), and that in November 2013 the court sentenced Thompson to 120 months of imprisonment and imposed a

monetary penalty consisting of special assessments of $200, due immediately, and a fine of $800, due according to a schedule of payments (Doc. 362),[1] and it appearing that Thompson is not challenging the validity of the court's imposition of monetary penalties, but rather contends that the present schedule of payments associated with such penalties is unduly burdensome,[2] and the court noting that when a judgment for a fine contemplates payments in installments and a defendant informs the sentencing court of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine," the court may, *inter alia*, adjust the payment schedule, 18 U.S.C. § 3572(d)(3), and the court further noting that the judgment in this action provides for payment of the fine—

---

[1] As to Thompson's fine, the court provided for the following schedule of payments:

> During the term of imprisonment, the fine is payable every three months in an amount, after a telephone allowance, equal to 50 percent of the funds deposited into the defendant's inmate trust fund account. In the event the fine is not paid in full prior to the commencement of supervised release, the defendant shall satisfy the amount due in monthly installments of no less than $50, commencing 30 days after release from confinement.

(Doc. 362 at 6).

[2] Thompson also cites decisions from the Ninth and Tenth Circuits holding that a district court cannot delegate to the BOP the establishment of restitution payment schedules. (Doc. 399 at 1-2). This authority is inapposite because the court did not order restitution in this action. (See Doc. 362). The court recognizes that when a sentencing court orders restitution pursuant to the Mandatory Victims Restitution Act of 1996, the order must specify a schedule of restitution payments in consideration of the defendant's financial circumstances. 18 U.S.C. § 3664(f)(2); see also United States v. Corley, 500 F.3d 210, 225 (3d Cir. 2007), vacated on other grounds, 556 U.S. 303 (2009). The imposition of special assessments and fines, however, is not subject to analogous statutory requirements. See Gonzalez-Rivera v. Holt, 361 F. App'x 419, 420-21 (3d Cir. 2010) (nonprecedential); Mbengo v. Millward, No. 06-1208, 2008 WL 2850184, at *15 (W.D. Pa. July 23, 2008).

albeit not payment of the special assessments—in installments (Doc. 362 at 6), and therefore that Thompson is not foreclosed from seeking relief pursuant to § 3572(d)(3) with respect to his fine, see United States v. Wynn, 328 F. App'x 826, 828 (3d Cir. 2009) (nonprecedential), but the court finding that Thompson does not appear to allege and has not made any showing that his economic circumstances have materially changed since the time of sentencing, cf. United States v. Robinson, 533 F. App'x 113, 114 (3d Cir. 2013) (mem.) (nonprecedential) (noting that the district court considered the defendant's imprisonment when it imposed a fine, as in the instant matter, based on the percentage of funds deposited into the defendant's inmate account); United States v. O'Rourke, No. 2:10-CR-00235, 2011 WL 3035394, at *3 (D.N.J. July 25, 2011) (reasoning that incarceration itself does not constitute a material change in economic circumstances), and it further appearing that Thompson objects to the manner in which the BOP is implementing the IFRP to collect his monetary penalties, and the court observing that the IFRP is designed to facilitate the timely payment of court-ordered fines, McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010), and that participation in such program is voluntary, Jordan v. Holt, 488 F. App'x 587, 588 (3d Cir. 2012) (nonprecedential),[3] and the court noting that a challenge to the "execution" of a sentence is cognizable under 28 U.S.C. § 2241, Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012), and that the Third Circuit has concluded that a challenge to the BOP's implementation of the IFRP to collect court-imposed fines constitutes a challenge to the execution of a sentence, at

---

[3] Thompson does not disclose the amount or frequency of the payments he is responsible for making under the IFRP.

least to the extent the petitioner claims that the payment schedule conflicts with the sentencing judgment, see, e.g., McGee, 627 F.3d at 936-37 ("The IFRP payment schedule and the sanctions imposed for noncompliance are part of the execution of [petitioner's] sentence."); Pinet v. Grondolsky, 345 F. App'x 805, 806 (3d Cir. 2009) (per curiam) (nonprecedential); see also Cardona, 681 F.3d at 537 ("In order to challenge the execution of his sentence under § 2241, [petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."), but the court noting that it lacks jurisdiction over any habeas petition under 28 U.S.C. § 2241 given Thompson's place of confinement,[4] and the court further noting that certain challenges to the conditions of confinement may appropriately be brought as a civil rights action against federal prison officials, see Wynn, 328 F. App'x at 829 n.3; Callais v. Longley, No. 10-95, 2012 WL 99485, at *1 (W.D. Pa. Jan. 12, 2012), it is hereby ORDERED that:

---

[4] A petition pursuant to 28 U.S.C. § 2241 may only be brought in the judicial district where the petitioner is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004) ("[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). Thompson is presently incarcerated at FCI Estill, which is located within the jurisdiction of the United States District Court for the District of South Carolina.

The court also notes that a petitioner must generally exhaust administrative remedies before seeking relief under § 2241. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Thompson has not alleged that he exhausted his administrative remedies with the BOP.

1.     To the extent that Thompson's motion (Doc. 399) seeks modification of
       the court-ordered payment schedule pursuant to 18 U.S.C. § 3572(d)(3),
       it is DENIED without prejudice.[5]

2.     To the extent that Thompson's motion (Doc. 399) challenges the
       lawfulness of the BOP's implementation of the IFRP with respect to
       the collection of monetary penalties, it is DENIED without prejudice to
       the filing of an appropriate action.[6]


                                   /S/ CHRISTOPHER C. CONNER
                                   Christopher C. Conner, Chief Judge
                                   United States District Court
                                   Middle District of Pennsylvania

---

[5] Any future request for modification of the court-ordered payment schedule
shall include sufficient information regarding Thompson's financial circumstances
and any material change therein.

[6] As the court explained *supra*, Thompson must file his 28 U.S.C. § 2241
habeas petition in the district of his confinement.