IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:11-CR-77 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| HENRY THOMPSON | : | |

## ORDER

AND NOW, this 23rd day of March, 2016, upon consideration of the government's motion (Doc. 394) to dismiss as time-barred the *pro se* motion (Doc. 389) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Henry Thompson ("Thompson"), and the court observing the attendant one-year statute of limitations for motions filed under Section 2255, see 28 U.S.C. § 2255(f), and that, when a petitioner takes a direct appeal but forgoes filing a petition for certiorari review, the Section 2255 limitations period commences on the "date on which the defendant's time for filing a timely petition for certiorari review expires," United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005) (quoting Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)), and the court noting that the United States Court of Appeals for the Third Circuit dismissed Thompson's direct appeal on April 18, 2014, (see Doc. 373), that Thompson did not file a petition for certiorari within the prescribed 90-day time period ending on July 17, 2014, and that the consequent statutory deadline for filing a Section 2255 motion expired on or about July 17, 2015, see 28 U.S.C. § 2255(f), and the court finding based upon the foregoing that Thompson timely filed his Section 2255 motion (Doc. 389) on April 21,

2015,[1] and further upon consideration of Thompson's motion (Doc. 403) to amend his Section 2255 motion, filed on October 26, 2015, and the court finding that Thompson's motion (Doc. 403) to amend, wherein Thompson submits additional arguments in support of his claim that trial counsel was ineffective, properly relates back to his timely-filed Section 2255 motion (Doc. 389), see Hodge v. United States, 554 F.3d 372, 377-78 (3d Cir. 2009) (citing Mayle v. Felix, 545 U.S. 644, 664 (2005)), it is hereby ORDERED that:

1. The government's motion (Doc. 394) to dismiss as time-barred Thompson's motion (Doc. 389) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

2. Thompson's motion (Doc. 403) to amend his Section 2255 motion is GRANTED, and the Section 2255 motion (Doc. 389) is deemed to incorporate the arguments enumerated within the motion to amend.

---

[1] The government urges that Thompson's Section 2255 motion (Doc. 389) is untimely on the grounds that Thompson filed a purportedly frivolous direct appeal. (See Doc. 398 at 5-10). According to the government, the court should exclude Thompson's appeal from its calculation of the Section 2255 filing deadline and find that the one-year limitations period commenced on November 27, 2013 with the court's entry of judgment against Thompson (Doc. 362). (See Doc. 398 at 9-10). Thompson's April 21, 2015 Section 2255 motion (Doc. 389) would be time-barred under this approach. See 28 U.S.C. § 2255(f). Case law cited herein does not lend support to the government's recommendation. See Davies, 394 F.3d at 186 n.2 (quoting Kapral, 166 F.3d at 577).

3. The United States Attorney shall file an answer to the Section 2255 motion (Doc. 389) on or before **Tuesday, April 5, 2016**.  See R. GOVERNING § 2255 CASES R. 4, 5(a)-(b).

4. Thompson shall be permitted to file a reply to the government's answer on or before **Wednesday, April 20, 2016**.  See R. GOVERNING § 2255 CASES R. 4, 5(d).

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania