**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:11-CR-77** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **HENRY THOMPSON** | : | |

## MEMORANDUM

Presently before the court is the *pro se* motion (Doc. 389) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed by petitioner Henry Thompson ("Thompson").  Thompson asserts that the sentencing court lacked jurisdiction and that defense counsel was ineffective in violation of the Sixth Amendment to the United States Constitution.  The motion will be denied.

## I.    Factual Background & Procedural History

Thompson was one of several suspects identified during a drug trafficking investigation conducted by the Drug Enforcement Administration ("DEA") and local authorities.  (Doc. 370 at 24:2-25:6).  On March 9, 2011, a grand jury indicted Thompson for unlawfully distributing and possessing with intent to distribute at least 5 kilograms of cocaine hydrochloride and at least 280 grams of cocaine base, or "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1).  (Doc. 10).  Thompson was also indicted for criminal conspiracy to engage in the above conduct, in violation of 21 U.S.C. § 846.  (Id.)  Thompson initially pled not guilty, (see Doc. 26), and filed three motions to suppress his inculpatory post-arrest statements and physical evidence discovered during the joint investigation.  (See Docs. 106, 107, 108).  The court denied these motions on February 15, 2013.  (Doc. 275).

On May 8, 2013, Thompson waived the indictment and pled guilty to a superseding information. (See Docs. 309, 314, 315). The superseding information charged two counts of interstate travel in promotion of distribution of cocaine and cocaine base in violation of 18 U.S.C. § 1952(a)(3). (Doc. 309). Attorney Lori J. Ulrich, Esquire ("Attorney Ulrich") represented Thompson throughout his guilty plea and sentencing. (See Doc. 284; Doc. 389 at 11). The court accepted Thompson's plea and ordered the United States Probation Office to prepare a presentence report. (Doc. 317). On November 21, 2013, the court sentenced Thompson to a term of imprisonment of 120 months comprising 60 months on each of his two counts. (Doc. 362; Doc. 371 at 33:12-19). Thompson appealed the judgment. (See Doc. 364). The United States Court of Appeals for the Third Circuit summarily dismissed his appeal on the basis of the direct appellate waiver in his plea agreement. (See Doc. 373).

On April 21, 2015, Thompson filed the instant motion (Doc. 389) to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The government then filed a motion (Doc. 394) to dismiss his Section 2255 petition as time-barred. While the government's motion was pending, Thompson filed a motion (Doc. 403) to amend his Section 2255 petition. On March 23, 2016, the court denied the government's motion (Doc. 394) to dismiss, granted Thompson's motion (Doc. 403) to amend, and set a briefing schedule for Thompson's Section 2255 petition. (Doc. 412). The court also granted Thompson leave to file a supplemental memorandum. (See Docs. 417, 418). The motion (Doc. 389) is fully briefed and ripe for disposition.

## II.  <u>Legal Standard</u>

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence.  In general, relief under § 2255 is afforded based on one of four grounds: (1) the sentence was imposed in violation of the Constitution or other federal laws; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  R. GOVERNING § 2255 CASES 1(a).  "When reviewing a motion pursuant to § 2255, the court must accept the truth of the petitioner's allegations unless clearly frivolous based on the existing record."  <u>See</u> <u>United States v. Booth</u>, 432 F.3d 542, 545 (3d Cir. 2005).  A district court is not required to hold a hearing when the record conclusively shows that a movant is not entitled to relief.  <u>See</u> <u>United States v. Lilly</u>, 536 F.3d 190, 195 (3d Cir. 2008).

## III.  <u>Discussion</u>

Thompson raises assorted jurisdictional challenges to his imposed sentence.  (<u>See</u> Doc. 389).  He also contends that Attorney Ulrich was ineffective sentencing counsel for failing to argue that: (1) the superseding information was multiplicitous; (2) Thompson qualified for "minimal participant" status; and (3) the drug quantity used for sentencing purposes was exaggerated.  (<u>See</u> <u>id.</u>; Docs. 403, 418).  The court considers these issues *seriatim*.

### A.  **Jurisdiction**

According to Thompson, the sentencing court lacked the requisite subject matter jurisdiction because Public Law 80-772, codified at 18 U.S.C. § 3231 ("Section

3231"), was never legitimately enacted.  (Doc. 389 at 10).  Section 3231 vests federal district courts with original and exclusive jurisdiction "of all offenses against the laws of the United States."  18 U.S.C. § 3231.  Efforts to subvert the legitimacy of Public Law 80-772 have been thoroughly considered and roundly rejected, including by this court.  See, e.g., Wolford v. United States, 362 F. App'x 231, 232 (3d Cir. 2010) (nonprecedential); United States v. Carey, No. 4:05-CR-230, 2012 WL 928700, at *1-2 (M.D. Pa. Mar. 19, 2012) (Conner, J.) (collecting cases); United States v. Risquet, 426 F. Supp. 2d 310, 311-12 (E.D. Pa. 2006).

Moreover, the court has previously noted that the contemporaneous leaders of both the House and Senate attested H.R. 3190, as signed into Public Law 80-772. See Carey, 2012 WL 928700, at *2.  Pursuant to the "enrolled bill rule," this record "provides conclusive evidence that Congress properly enacted Public Law 80-772." Id.  Thus, contrary to Thompson's asseveration, "Section 3231 was properly enacted and is binding."  Wolford, 362 F. App'x at 232.  Thompson pled guilty to two counts of an "offense[ ] against the laws of the United States."  18 U.S.C. § 3231; (see Doc. 316).  Jurisdiction over Thompson's sentencing was therefore appropriately exercised under Section 3231.  Cf. United States v. Hopkins, 1:06-CR-64, 2013 WL 2147793, at *3 (M.D. Pa. May 16, 2013).

Thompson further argues that the court lacked both territorial and legislative jurisdiction.  (Doc. 389 at 4, 10).  Thompson pled guilty to charges of criminal activity "between the Middle District of Pennsylvania and New York."  (Docs. 309, 316).  Any suggestion that the court lacked territorial jurisdiction is patently

frivolous.[1]  Cf. United States v. Smith, Nos. 2:02-CR-327, 2:10-CV-1074, 2013 WL 1405345, at *2 (D. Nev. Apr. 4, 2013).  Thompson's legislative jurisdiction argument, which suggests that Congress lacked authority to enact his offense of conviction, similarly fails.  Thompson pled guilty to charges under 18 U.S.C. § 1952, which prohibits individuals from "travel[ing] in interstate . . . commerce" to carry on "any unlawful activity."  18 U.S.C. § 1952(a)(3).  Congressional authority to regulate instrumentalities of and activities substantially affecting interstate commerce is well-settled.  See U.S. Const. art. I § 8, cl. 3; Gonzales v. Raich, 545 U.S. 1, 16 (2005); United States v. Clayton, No. 8-6, 2009 WL 1033664, at *6 (W.D. Pa. Apr. 16, 2009).

Finally, Thompson maintains that his prosecution and sentencing derogated from Article III standing requirements.  He cites the tripartite conditions of injury-in-fact, causation, and redressability familiar to civil litigation in federal court.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992).  However, in the instant criminal context, "[a]s sovereign, the United States has standing to prosecute violations of valid criminal statutes."  United States v. Daniels, 48 F. App'x 409, 417-18 (3d Cir. 2002) (nonprecedential); see also Dire v. United States, 2:10-CR-56, 2015 WL 7283118, at *6 (E.D. Va. Nov. 16, 2015); United States v. Wright, No. 1:09-CR-219, 2010 WL 4628529, at *5 (N.D. Ohio Nov. 5, 2010); United States v. Li, No. 4-130, 2007 WL 951628, at *2 (S.D. Tex. Mar. 28, 2007).  The court therefore rejects as meritless all of Thompson's jurisdictional grounds for relief.

---

[1] Additionally, given that the court has rejected Thompson's territorial jurisdiction challenge, his brief suggestion that the prosecutor committed "fraud upon the court" because he knew the court lacked territorial jurisdiction is also clearly baseless.  (See Doc. 389 at 4, 8).

### B.      Ineffective Assistance of Counsel

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on this claim, a petitioner must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms and (2) that the deficient representation was prejudicial.  See id. at 687-88.  Conclusory allegations are insufficient to entitle a petitioner to relief under § 2255.  See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D. N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63 (1977)).

In determining whether counsel has satisfied the objective standard of reasonableness in accordance with the first prong, courts must be highly deferential toward counsel's conduct.  Strickland, 466 U.S. at 689.  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989).  Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."  Id. at 711 (citing Strickland, 466 U.S. at 689-90).  Counsel will not be deemed ineffective for failing to raise a meritless claim.  See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.  See Strickland, 466 U.S. at 694.  The district court need

not carry out its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. See id. at 697; Lilly, 536 F.3d at 196.

### 1.   *Multiplicity*

Thompson first submits that Attorney Ulrich was ineffective by failing to contest the superseding information as multiplicitous in violation of the Fifth Amendment.  (See Doc. 403).  Multiplicity refers to the charging of the same criminal behavior in multiple counts.  See United States v. Kennedy, 682 F.3d 244, 254-55 (3d Cir. 2012).  It raises the constitutional concern that there may be "multiple sentences for a single violation" and, hence, the duplicative punishment prohibited by the Fifth Amendment's Double Jeopardy Clause.  United States v. Pollen, 978 F.2d 78, 83 (3d Cir. 1992); see also U.S. CONST. amend. V.  When a defendant pleads guilty to the criminal charges at issue but subsequently initiates a collateral attack, multiplicity must be apparent "on the face of the [information] or record."  See Pollen, 978 F.2d at 84 (citing Taylor v. Whitley, 933 F.2d 325, 328 (5th Cir. 1991)); see also United States v. Broce, 488 U.S. 563, 570-71, 574-76 (1989); United States v. Yard, 558 F. App'x 231, 233 (3d Cir. 2014) (nonprecedential).

The two counts of Thompson's superseding information are plainly not multiplicitous.  Each charges Thompson with "intentionally and knowingly unlawfully travel[ling] in interstate . . . commerce with the intent to" carry on illegal activity involving cocaine hydrochloride and cocaine base.  (Doc. 309).  However, Count I pertains to the duration of time "on or about April 1, 2010 up to and including October 31, 2010."  (Id.)  Count II concerns such activity "on or about

November 1, 2010 up to and including March 3, 2011." (Id.)  These temporally distinct periods logically embrace specific and unique factual circumstances, such as the discrete types and quantities of drugs.  Therefore, the *same* criminal behavior was not charged in multiple counts.  Cf. Blockburger v. United States, 284 U.S. 299, 301-02 (1932); United States v. Woods, 684 F.3d 1045, 1060-61 (11th Cir. 2012); United States v. Stavros, 597 F.2d 108, 111 (7th Cir. 1979); United States v. Sparks, No. 06-20330, 2007 WL 4180961, at *2-3 (E.D. Mich. Nov. 27, 2007).  Even assuming *arguendo* that Attorney Ulrich's failure to object to alleged multiplicity fell below an objective standard of reasonableness, her conduct in no way prejudiced Thompson.  See Strickland, 466 U.S. at 694.  Attorney Ulrich was therefore not ineffective with regard to the issue of multiplicity.

### 2.    *Minimal Participant*[2]

Thompson next urges the court to deem Attorney Ulrich ineffective for failing to investigate and argue for a 4-level downward departure at sentencing in light of his averred minimal participant role.  (See Docs. 389, 418).  Specifically, Thompson claims that Attorney Ulrich should have subpoenaed codefendant Alberto Molina-Erazo ("Molina-Erazo") to prove that Thompson was not an "organizer," "managing conspirator," or some other "major role."  He further insists that he played only an inconsiderable role.  (Doc. 389 at 4-5; Doc. 418 at 2-4).

---

[2] Thompson's argument that Attorney Ulrich should have demonstrated that he did not play an aggravating role can be quickly disposed.  Thompson was not subject to a sentencing enhancement for his role in criminal activity.  (See Doc. 371 at 3:19-11:10).  Consequently, Attorney Ulrich had no rational motivation to show—via testimony of Molina-Erazo or otherwise—that Thompson's role in criminal activity did not warrant such an enhancement.

The government submits that the Sentencing Guidelines preclude any downward departure for a mitigating role.  (Doc. 415 at 3).  The government cites U.S.S.G. § 3B1.2, Application Note 3(B) ("Note 3(B)"), which provides:

> If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for mitigating role . . . ordinarily is not warranted.

U.S.S.G. § 3B1.2, Note 3(B).  According to the government, this guidance is applicable because Thompson pled guilty to a less serious offense.  (Doc. 415 at 3).  The initial indictment brought charges carrying a mandatory minimum of ten years to life, and the government filed an information to establish that a sentencing enhancement for double the mandatory minimum—twenty years to life—was warranted.  (See Doc. 10; Doc. 370 at 12:2-19); see also 21 U.S.C. §§ 841(b), 846.  The superseding information to which Thompson pled guilty carried a mandatory maximum term of imprisonment of five years on each of two counts, for a total of ten years at most.  (See Doc. 309); see also 18 U.S.C. § 1952(a)(3)(A).

Notwithstanding Thompson's favorable plea, Note 3(B) appears inapplicable on its face.  The mandatory maximum term for the charges in the superseding information did not result in "a lower offense level," see U.S.S.G. § 3B1.2, Note 3(B),

but instead capped sentencing exposure pursuant to U.S.S.G. § 5G1.1(a).[3]

Therefore, Thompson was not necessarily precluded from a minimal role reduction.

See <u>United States v. Williams</u>, 302 F. Supp. 2d 945, 949 (E.D. Wis. 2004).

Under the Sentencing Guidelines, a minor participant defendant will receive a 2-level decrease in offense level, and a minimal participant defendant will receive a 4-level decrease.  U.S.S.G. § 3B1.2(a),(b).  A minor participant is "substantially less culpable than the average participant" but cannot be said to play a "minimal" role. See U.S.S.G. § 3B1.2(a),(b), Application Notes 3(A), 4, 5.  To determine eligibility for a mitigating role reduction, courts look to the following factors: (1) defendant's cognizance of the scope and nature of the criminal enterprise; (2) defendant's relationship to other participants; and (3) the significance of "defendant's actions to the success of the venture."  <u>United States v. Brown</u>, 250 F.3d 811, 819 (3d Cir. 2001); <u>see</u> <u>also</u> <u>United States v. Gonzalez</u>, 178 F. App'x 130, 134-35 (3d Cir. 2006) (nonprecedential).

In the case *sub judice*, Thompson admitted to his extensive involvement in the unlawful distribution of cocaine and cocaine base.  (<u>See</u> Doc. 370 at 26:18-24).

---

[3] Nor do the different drug quantities referenced in the indictment and the superseding information trigger Note 3(B).  The indictment (Doc. 10) involved a larger drug quantity than the superseding information (Doc. 309) because it took account of a larger drug conspiracy.  However, the superseding information to which Thompson pled guilty reflects Thompson's "actual criminal conduct" in terms of the drug quantity for which the court determined him responsible.  (<u>See</u> Doc. 371 at 3:9-7:10).  Confronted with similar circumstances, the United States Court of Appeals for the Third Circuit recently found that the defendant did not plead guilty to an offense "significantly less serious" than that warranted by his "actual criminal conduct."   <u>United States v. Aquil</u>, --- F. App'x ----, 2016 WL 3902170, at *2 (3d Cir. 2016) (nonprecedential); <u>see also</u> U.S.S.G. § 3B1.2, Note 3(B). The court is persuaded by the *ratio decidendi* of this nonprecedential opinion.

Thompson knew that the drugs with which he was supplied were being brought to Pennsylvania from New York.  (Id. at 26:25-27:7).  As a drug network participant based in Carlisle, Pennsylvania, Thompson was not geographically removed from the epicenter of the criminal activity.  (Id. at 24:24-25:6).  He, in tandem with Molina-Erazo, arranged a number of local drug transactions.  (Doc. 371 at 30:22-25). Indeed, Thompson brokered deals by introducing Molina-Erazo to another drug organization leader.  (Id. at 5:22-6:10).  Ample case law indicates that factually similar involvement would not constitute a minor role, let alone the minimal one for which Thompson advocates.  Cf. United States v. Domian, No. 2-15, 2007 WL 294088, at *9-10 (W.D. Pa. Jan. 29, 2007); Khan v. United States, 77 F. Supp. 2d 651, 654 (E.D. Pa. 1999); see also Aquil, 2016 WL 3902170, at *3; United States v. Ortega, 509 F. App'x 105, 106-07 (3d Cir. 2013) (nonprecedential); United States v. Self, 681 F.3d 190, 201 (3d Cir. 2012); United States v. Anderson, 386 F. App'x 195, 198 (3d Cir. 2010) (nonprecedential).  A reduction for mitigating role is clearly unwarranted in light of the facts on the record, and the point that Attorney Ulrich failed to raise the issue did not prejudice Thompson.[4]  Hence, Thompson cannot meet the test for ineffective assistance of counsel with regard to a mitigating role departure.

---

[4] The court finds it unnecessary to reach the issue of whether Attorney Ulrich's decision not to argue for a minimal role falls below an objective standard of reasonableness, as Thompson cannot show prejudice.

### 3.    *Drug Quantity*

Lastly, Thompson asserts that Attorney Ulrich was ineffective for failing to object to the drug quantity used to determine his offense level.[5]  (See Docs. 389, 418).  He again argues that Attorney Ulrich should have subpoenaed Molina-Erazo, who would have clarified that there were some periods of time when Thompson did not purchase drugs from him.  (See Doc. 418 at 2).

This challenge to Attorney Ulrich's representation is without merit.  First and foremost, Attorney Ulrich did object to the drug quantity, and vigorously argued for a lesser amount.  (See Doc. 371 at 3:19-4:15).  Thompson acknowledges the objection in his supplemental brief, (see Doc. 418), but suggests that her "way of arguing and presenting this objection" was not "good trial strategy" and "resulted in prejudice." (Id at 2).

On the contrary, Attorney Ulrich's objection to the drug quantity identified in the presentence report prompted lengthy judicial review and analysis of the same at sentencing.  (See Doc. 371 at 3:6-7:10).  Indeed, Attorney Ulrich specifically argued that which Thompson speculates Molina-Erazo's testimony would have shown, to wit: that Thompson did not purchase drugs on a consistent basis.  Attorney Ulrich submitted:

---

[5] Thompson also briefly asserts that Attorney Ulrich did not object to the absence of drug quantity as an element in the superseding information, and to the failure to find drug quantity beyond a reasonable doubt. (Doc. 389).  As noted by the government, drug quantity is not an element of 18 U.S.C. § 1952(a)(3). Moreover, drug quantity did not need to be proven beyond a reasonable doubt, as Thompson was not sentenced beyond the maximum term of imprisonment for the two counts of his offense.  See 18 U.S.C. § 1952(a)(3)(A); United States v. Williams, 235 F.3d 858, 863 (3d Cir. 2000).  Thus, failure to raise the foregoing arguments in no way prejudiced Thompson.

> [If Thompson] had actually sold the amount of weight that
> the presentence report holds him accountable for he
> would have made in a six-month period $180,000 . . . Even
> Alberto Molina said he wasn't consistently buying drugs
> from him . . . You would think if he was such a high level
> dealer that these amounts make him out to be they would
> have found a lot more [drugs] when he was arrested.

(Doc. 371 at 3:21-4:10).  The court overruled the objection on the basis of

Thompson's own post-arrest admissions, stating:

> The drug weights used to calculate the base offense level
> are firmly based upon evidence that [has] been
> introduced into the record, and specifically I [ ] note that
> the government has previously submitted under seal the
> report [by a DEA agent], and this document confirms the
> presentence report's calculations. . . . [I]t's clear that the
> PSR's calculation of drug weights involved in the offense
> is accurate.

(Id. at 6:21-7:10).  It is unclear how the presentation of arguments that were in fact

already presented and rejected on the basis of Thompson's own statements might

have impacted the outcome at Thompson's sentencing.  The court accordingly finds

that Attorney Ulrich's conduct respecting drug quantity did not prejudice

Thompson and thus did not constitute ineffective assistance of counsel.[6]

---

[6] Thompson also bundled his jurisdictional challenges, addressed *supra*, into his omnibus ineffective assistance of counsel argument.  (See Doc. 389).  As the court has determined these arguments to be entirely without merit, they cannot provide grounds for an ineffective assistance of counsel claim concerning any failure to investigate or object to jurisdiction.  See  Sanders, 165 F.3d at 253.

**IV.**   **Conclusion**

The record conclusively establishes that Thompson's claims are without

merit.  Thus, no hearing is necessary.  The court will deny Thompson's motion

(Doc. 389) to vacate, set aside, or correct sentence.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        August 30, 2016